IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARIA RAMOS,                              § | |
|     Plaintiff,                           § | |
| v.                                                    § | NO.  EP-3-12-00480-RFC |
|                                                § | |
| CAROLYN W. COLVIN,[1]                   § | |
| Acting Commissioner of Social Security § | |
| Administration,                               § | |
|     Defendant.                          § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner) denying her applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under Titles II and XVI of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

**PROCEDURAL HISTORY**

On May 20, 2010, Plaintiff filed applications for DIB and SSI. (R: 119-127) The onset date is May 17, 2010.  (R:124)  Her applications were denied initially and on reconsideration. (R:39-42) Plaintiff  filed a request for a hearing, which was conducted on August 30, 2011.  (R:27-38, 160-

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

161)  The Administrative Law Judge ("ALJ") issued a decision on August 30, 2011, denying benefits. (R:16-23) The Appeals Council ("AC") denied review. (R:1-6)

## ISSUES

Plaintiff presents the following issues for review:

1. Whether the final decision of the Commissioner denying benefits is supported by substantial evidence.

2. Whether the ALJ committed legal error by not properly accommodating Plaintiff's cervical spine impairment when arriving at the residual functional capacity ("RFC) determination in this case.

Plaintiff contends that the record demonstrates that she cannot perform the full range of medium work. (Pl.'s Br. at 3) She also argues that the ALJ did not properly accommodate Plaintiff's cervical spine impairment when determining Plaintiff's RFC. (Pl.'s Br. at 3)  The Defendant responds by urging that substantial evidence does support the ALJ's RFC determination and that Plaintiff's cervical spine impairment was fully considered by the ALJ in arriving at his final decision. (Def.'s Br. at 6, 7)

## DISCUSSION

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*.  A finding of no

substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## *II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

In the present case, the ALJ found that Plaintiff had severe impairments of: hypertension; degenerative disc disease of the cervical spine; and, obesity. (R:18) The ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled one of the listed impairments. (R:21) After considering the entire record, he determined that Plaintiff had the RFC to perform the full range of medium work as defined by law. (*Id*.) At step four, the ALJ determined that Plaintiff retained the capacity to perform her past relevant work as a housekeeper and child care

worker. (R:22)  The ALJ relied on vocational expert testimony in arriving at this conclusion. (*Id*.) He affirmed that the testimony of the vocational expert was consistent with the information in the Dictionary of Occupational Titles. (*Id*.)  Consequently, he found that Plaintiff was not disabled through the date of the decision.

### *III. The ALJ's Determination of Plaintiff's RFC*

Plaintiff contends that the ALJ erroneously found that Plaintiff can perform the full range of medium work; failing to properly accommodate Plaintiff's cervical spine impairment when determining Plaintiff's RFC. (Pl.'s Br. at 3; R:16-23)  Largely on the basis of her own statements, Plaintiff alleges that her cervical spine impairment affects her shoulders and limits her ability to reach. (Pl's Br. at 4)  She postulates that the ALJ's credibility assessment is not supported by substantial evidence. (*Id*.)  Plaintiff concludes that the ALJ's decision is an overly-broad rejection of all of her statements regarding her limitations and all medical evidence that is inconsistent with his RFC determination. (*Id*.)  This faulty RFC finding, Plaintiff argues, taints all remaining steps in the sequential evaluation, and reversal is required. (Pl.'s Br. at 4-5)

RFC  is the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96-8p.  The responsibility to determine the claimant's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).  In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite her physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995).  The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p.  The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th

Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529

## IV. Analysis

In reviewing a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. "The court weighs four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [the claimant's] age, education and work history." *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). A review of the record evidence indicates that there is substantial evidence to support the ALJ's conclusion that Plaintiff retained the capacity to perform a full range of medium work. Furthermore, the record clearly demonstrates that the ALJ did address any purported limitations from Plaintiff's cervical spine impairment in determining Plaintiff's RFC.

Plaintiff places an emphasis on her testimony regarding pain to her shoulders, back, knee, and left foot. (Pl.'s Br. at 4; R:34) She also experiences neck pain and stiffness and has difficulties with personal care due to pain in her neck, back, right leg, and knees. (Pl.'s Br. at 4) She last worked in May of 2010, and stopped working because she started feeling very bad, dizzy, and was

5

bleeding from the nose. (R:30) The medical records include a cervical spine x-ray report dated July 13, 2010, showing moderate degenerative changes at C4-C5, C5-C6, and C6-C7, and moderate marginal osteophyte formation. (R:19, 197; Pl.'s Br. at 4) Consultative examining physician Dr. Enrique Porras' report refers to the cervical spine x-ray results and he assessed Plaintiff with, among other impairments, cervicalgia not otherwise specified and lumbago. (R:210; Pl.'s Br. at 4) Plaintiff proposes that the foregoing supports her allegations that her cervical spine impairment affects her shoulders and limits her ability to reach–matters which the ALJ failed to address in his decision. (Pl.'s Br. at 4)

     A consultative physical examination of Plaintiff was performed on July 13, 2010 by Dr. Porras. (R:207) Plaintiff advised Dr. Porras that she walks 45-60 minutes every day. (R:208) She denied shoulder pain and restrictions involving the upper extremities. (R:207) Dr. Porras concluded that Plaintiff had no difficulties with walking and squatting. (R:209) Kneeling, hopping, and climbing were performed fairly. (*Id*.) Her range of motion was intact with respect to her shoulders and cervical spine. (*Id*.) Although Dr. Porras did include cervicalgia and lumbago as impairments (R:210), he did not indicate what functional limitations, if any, Plaintiff had as a result of these impairments. Instead, he concluded that it was evident from her narrative and from her physical examination that she had no meaningful physical impediments to pursue gainful employment and perform the customary activities of daily life. (R:210) The mere presence of some impairment is not disabling *per se*. Plaintiff must show that she was "so functionally impaired by [the medical condition] that she was precluded from engaging in any substantial gainful activity." *Hames v. Heckler,* 707 F.2d 162, 165 (5th Cir. 1983).

The July 13, 2010, x-ray report referred to in Plaintiff's brief and in Dr. Porras' report is similarly unavailing. (R:197) No conclusion with respect to functional limitations caused by Plaintiff's cervical spine conditions is made in the report. (*Id*.) Again, Plaintiff fails to show how the cervical spine impairment causes her to have functional limitations greater than those recognized by the ALJ in his RFC finding.

Further support for the ALJ's decision is found in the medical opinions provided by state agency physicians. On August 2, 2010, Dr. Jeanine Kwun completed a Physical RFC Assessment form, which was based on her review of medical records. (R:213-220) She concluded that Plaintiff had the RFC to perform the full range of medium work. (*Id*.) Medium work, as defined in 20 C.F.R. §404.1567(c) includes the ability to lift no more than 50 pounds at a time with frequent lifting and carrying of objects weighing up to 25 pounds, and the ability to to sit 6 hours out of an 8-hur workday, and stand and walk 6 hours out of an 8-hour workday. Thereafter, on October 8, 2010, Dr. James Wright arrived at the same conclusion. (R:221) He considered Plaintiff's alleged limitations and found them not wholly credible. (*Id*.) The ALJ found that the state agency examiners' assessments of the Plaintiff's RFC were consistent with his own findings, and considered this opinion evidence in arriving at his decision. (R:22)

Additional medical evidence which supports the ALJ's decision comes from registered nurse and family nurse practitioner Robert Kaufman, who examined Plaintiff on June 10, 2010. (R:193-194) He found no abnormalities in Plaintiff's neck or extremities. (*Id*.) Nurse Kaufman again saw Plaintiff on several occasions in 2010 and 2011. (R:191-192, 231-238) The physical examinations remained normal. (*Id*.)

The Court acknowledges that treating physician Dr. Carlos Orozco's November 13, 2010 Medical Source Statement runs contrary to the ALJ's determination. Dr. Orozco opined that Plaintiff was limited to light exertional work, could never climb, crouch, or stoop; and was limited in the use of her upper and lower extremities, *inter alia,* due to arterial hypertension, but that she was unlimited in her ability to reach, even overhead. (R:222-230) The ALJ chose to assign this evidence little weight, inasmuch as Dr. Orozco's last examination was on May 26, 2010. (R:20) At that time, the only abnormality Dr. Orozco had reported was elevated blood pressure. (R:206) Since that time, the blood pressure was under better control according to both Nurse Kauman and Dr. Porras. (R:20)

While a treating physician's opinion generally deserves considerable weight, the ALJ is free to assign little or no weight to the opinion of any physician for good cause. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000). Good cause exists where statements are "brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005) (emphasis omitted). In the case at hand, Dr. Orozco's opinion conflicts with all the rest of the medical evidence in the record. Dr. Orozco's own medical report, from May 26, 2010, indicates that Plaintiff's work schedule lasted 11 hours during which she engaged in heavy activities such as moving furniture and lifting heavy boxes. (R:206) It is within the ALJ's discretion to resolve conflicting evidence, including conflicting medical evidence. *Jones v. Heckler*, 702 F.2d 616, 621 (5th Cir. 1983). Good cause existed for assigning Dr. Orozco's medical opinion little weight, and said opinion does not detract from the substantial evidence which supports the ALJ's decision.

The ALJ determined that Plaintiff's statements about the limiting effects of her impairments were not fully credible. (R:22) A review of the record finds this determination to be fully supported.

Plaintiff advised Dr. Porras that she walked 45-60 minutes every day. (R:208) She testified at the hearing before the ALJ that she walked fifteen to twenty minutes to the post office, and then came back. (R:36) Furthermore, the Disability Report indicates that S. Dominguez, during a May 20, 2010 face-to-face interview, observed that Plaintiff had no difficulties with sitting, standing, walking and using her hand. (R:176-177) All of this evidence supports the ALJ's credibility determination.

## CONCLUSION

Based on the foregoing, the Court finds that substantial evidence supports the ALJ's decision and that no legal error has been committed. The Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** on August 19, 2014.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE